IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

MICHAEL RAY NICKOLSON,

    Defendant.
_____/

No. 2:06-cr-00171-JAM

ORDER DENYING MOTION TO SUPPRESS

On April 20, 2006, Michael Ray Nickolson ("Nickolson") was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Nickolson now moves to suppress statements made by him and requests an evidentiary hearing. The United States opposes the motion. For the reasons stated below, Nickolson's Motion to Suppress is DENIED.

FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On April 12, 2006, Nickolson was arrested after being pursued in a car chase by Officers Dias and Bernard of the Grant School District Police Department. Dias Decl. ¶¶ 2-4. During

the car chase, Officer Dias observed Nickolson throwing a black metal object from the driver's side window using his left hand on the 600 block of Acacia Avenue. Id. ¶ 4. Officer Dias requested that an officer canvas the area for the object while she continued pursuit of Nickolson. Id. Subsequently, Officer Kramer found a Tanfoglio, 9mm caliber semi-automatic handgun, model Witness, serial number AE08670, loaded with 10 rounds of ammunition on the driveway of 649 Acacia Avenue. Id. ¶ 7.

Nickolson was taken into custody, handcuffed, and checked for contraband and weapons. Id ¶ 6. Following Nickolson's arrest, Officer Dias read Nickolson a Miranda[1] warning from a card given to her by her agency in the presence of Officers Agdipa and Spino. Id. ¶ 8, Ex. After Officer Dias read the Miranda warning, she asked Nickolson if he understood his rights, and having his rights in mind, would he waive those rights and speak with her. Id. Nickolson verbally waived his rights. Id. Officer Dias then asked Nickolson whether he threw a black handgun out of the driver's side window while being pursued. Id. Nickolson replied, "It's not my gun, it was already in the car. I got scared, so I threw it out the window." Id. At no point did Officer Dias notice anything about Nickolson's mental capacity or emotional state that led

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966)

her to believe that Nickolson did not understand or was incapable of waiving his rights.  Id. ¶ 9.

Nickolson now moves to suppress the statements made by him following his arrest and Miranda warning.

## OPINION

"The Constitution demands that confessions be made voluntarily."  United States v. Haswood, 350 F.3d 1024, 1027 (9th Cir. 2003).  To further this goal, the Supreme Court in its decision in Miranda v. Arizona, 384 U.S. 436 (1966), set forth the standard for police interrogation of an in-custody suspect outside the presence of the suspect's attorney, imposing a duty on officers to advise the suspect of his or her Fifth Amendment right against self-incrimination.  The government bears the burden of proving by a preponderance of the evidence that the defendant's statement was given voluntarily.  See Haswood, 350 F.3d at 1027; see also Lego v. Twomey, 404 U.S. 477, 489 (1972).

"Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court."  United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986).  "An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue."  Id.  However, "[a] hearing is not required on a motion

to suppress if the grounds for suppression consist solely of conclusory allegations of illegality." United States v. Ramirez-Garcia, 269 F.3d 945, 947 (9th Cir. 2001). Because Nickolson has alleged no specific reasons why the statements he made were not voluntary, no hearing is required in this case.

To determine whether a statement was made voluntarily, courts consider whether, under the "totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." Amaya-Ruiz v. Stewart, 121 F.3d 486, 494 (9th Cir. 1997) (internal citation omitted).

In this case, Nickolson has not alleged any reason why his confession was not voluntary. He only requests that the government meets its burden of demonstrating by a preponderance of the evidence that his statement was voluntary.

The government has shown and Nickolson does not deny that following his arrest, Nickolson was read a Miranda warning by Officer Dias. The government states and Nickolson does not deny that he verbally agreed to waive his rights. Officer Dias did not perceive and Nickolson has not alleged anything about his mental capacity or emotional state that would render him unable to understand or waive his rights. Therefore, under the totality of the circumstances, there is nothing to suggest that the government obtained Nickolson's statement through improper

coercion.  Accordingly, the government has met its burden of demonstrating that Nickolson's statement was voluntary.

ORDER

For the reasons stated above, Nickolson's Motion to Suppress is DENIED.

IT IS SO ORDERED.

Dated: September 18, 2008         _____
                                  JOHN A. MENDEZ,
                                  UNITED STATES DISTRICT JUDGE